UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Pop Warner Little Scholars, Inc.;
Barbara Doughty, individually and
on behalf of New Hampshire Pop
Warner Football Conference; and
Jason Patch, individually and on
behalf of New Hampshire Pop Warner
Football Conference,
    Plaintiffs

   v.                                         Civil No. 06-cv-98-SM
                                                    Opinion No. 2006 DNH 108
New Hampshire Youth Football &
Spirit Conference; Richard
Pelletier; Robert Schiavoni;
Ellen Shiavoni; and Deborah A. Smith,
    Defendants


**O R D E R**

Plaintiffs Pop Warner Little Scholars, Inc., Barbara Doughty, individually and on behalf of New Hampshire Pop Warner Football Conference, and Jason Patch, individually and on behalf of New Hampshire Pop Warner Football Conference bring suit against defendant New Hampshire Youth Football & Spirit Conference, Richard Pelletier, Robert Schiavoni, Ellen Schiavoni, and Deborah A. Smith, seeking redress for trademark infringement under 15 U.S.C. §§ 1114(a) and 1125(a), trademark dilution under 15 U.S.C. § 1125(c), cyberpiracy under 15 U.S.C. § 1125(d), and related state statutory and common law claims.  All of these

claims arise from the alleged continued use of plaintiffs' federally protected trademarks on defendant's web site.

Defendants move this court to dismiss plaintiffs' complaint or, alternatively, to stay the case pending the outcome of related state litigation (document no. 22).  For the reasons set forth below, plaintiffs' motion is denied.

## STANDARD OF REVIEW

Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (citations omitted).  This duty is not absolute, however, as "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." Id. (citations omitted). "[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief.  Id. at 718.

## BACKGROUND

The facts, taken from the pleadings and accepted, for these purposes, as true, are as follows. Pop Warner Little Scholars, Inc. ("Pop Warner") is a national organization devoted to promoting team sports among American youth by offering various football and "spirit" programs throughout the world. (Compl. ¶¶ 16-18.) Pop Warner identifies itself by using the trademark "Pop Warner" and other related marks and logos, many of which are registered with the Patent and Trademark Office. (Compl. ¶¶ 27-28.) Pop Warner promotes itself, often using its trademarks, through various means including an Internet web site available at www.popwarner.com. Although Pop Warner does not itself sponsor youth football teams, the organization associates with local and regional affiliates which are chartered by Pop Warner and licensed to use the Pop Warner trademarks in connection with their own football and spirit programs, (Compl. ¶ 31), provided that these local affiliates comply with certain policies and procedures (Compl. ¶ 23.)

One of the defendants in this case, the New Hampshire Youth Football & Spirit Conference ("NHYF"), formerly known as the New Hampshire Pop Warner Football Conference, was one such local affiliate that operated under a Pop Warner charter "since at

least 1991." (Compl. ¶ 35.)  During this time, NHYF operated under the Pop Warner trademarks, consistent with the rules and procedures set forth by Pop Warner. (Compl. ¶¶ 35-36.)  One of the mechanisms by which NHYF promoted itself was its web site, which is available at www.nhpwfc.org.  The acronym "nhpwfc" in the domain name was derived from the organization's prior name, "New Hampshire Pop Warner Football Conference." (Compl. ¶ 38.)

In June 2005, NHYF ended its relationship with Pop Warner and associated itself with American Youth Football & Cheer Association, a youth football and spirit organization that essentially competes with Pop Warner.  (Compl. ¶ 40.)  As a result of that decision, on June 20, 2005, NHYF changed its corporate name from New Hampshire Pop Warner Football Conference to its current name, New Hampshire Youth Football & Spirit Conference. (Compl. ¶ 43.)  On the same day that NHYF formally changed its name, it registered the trade name "New Hampshire Pee Wee Football Conference" with the New Hampshire Secretary of State, as well as the acronym for that trade name, "NHPWFC." (Compl. ¶ 46.)  Because the acronym for the new trade name is identical to the acronym for the old corporate name, NHYF has continued to use the web address www.nhpwfc.org. (Compl. ¶ 47).

4

NHYF continued to operate as it had prior to its decision to dissociate from Pop Warner, including making use of the same bank account. (Compl. ¶ 53). Concerned for Pop Warner's future in New Hampshire, Barbara Doughty and Jason Patch, both plaintiffs in the instant action, withdrew funds from a certificate of deposit held in NHYF's name, and placed such funds into an escrow account pending a resolution to the dispute. (Compl. ¶ 57). On January 17, 2006, NHYF filed a complaint in New Hampshire Superior Court against Doughty and TD Banknorth, N.A., alleging fraud, conversion, and other related claims. (Def.'s Mot. Dismiss, Ex. A). On July 21, 2006, the state court stayed its suit pending resolution of the instant federal action. (Notice of Stay in Related Case, Ex. A).

## DISCUSSION

In addition to various claims arising under federal law, plaintiffs allege a host of state law claims, including common law trademark infringement and fraudulent registration of a trade name, breach of fiduciary duty, ultra vires, breach of contract, and unfair and deceptive practices. Plaintiffs also seek a declaratory judgment that NHYF unlawfully changed its articles of incorporation and that its use of NHYF funds for anything other than the promotion of Pop Warner football was likewise unlawful.

Defendants urge this court to dismiss the action or, alternatively, stay it pending resolution of the state suit. Specifically, defendants invoke two abstention doctrines, the first articulated in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941) and the second in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

Under Pullman, "'when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question." Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 61 (1st Cir. 2006) (citing Harris County Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975)). In that case, the plaintiffs were seeking redress for alleged constitutional violations perpetrated by a state agency, and the Court was called upon to construe state statutes to determine whether the agency had acted within the scope of its authority. Pullman, 312 U.S. at 498. Noting that although Pullman's claim "undoubtedly tender[s] a substantial constitutional issue," because "constitutional adjudication plainly [could] be avoided if a definitive ruling on the state issue would terminate the controversy," id., the court declined

6

to rule on the issue, allowing the state an opportunity to construe its own laws.  Id. at 501.

Pullman is inapplicable here.  Although the claims in the instant action involve issues of both federal and state law, they do not involve constitutional questions. Further, it cannot be said that it is necessary to adjudicate the state claims in this case in order to properly decide the federal claims.  The primary issues under state law deal with NHYF's duties and obligations as a charitable organization, while the federal trademark infringement claims primarily concern consumer confusion.  Unlike Pullman, there is no risk here that, absent prior adjudication of the state law claims, this court will unnecessarily answer a constitutional question.  Accordingly, the Pullman abstention doctrine is inapplicable and defendants are not entitled to dismissal on that basis.

Defendants also urge application of the Colorado River doctrine to this case.  Plaintiffs counter that Colorado River is inapplicable here because the state and federal actions are not parallel.

"The basic notion underlying the Colorado River doctrine is that in certain circumstances it may be appropriate for a federal court to refrain from exercising its jurisdiction to avoid duplicative litigation." Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000) (citing Colorado River, 424 U.S. at 817-19). "The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel suits." Id. "[I]f the two cases are not parallel, the Colorado River doctrine does not apply." TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 (7th Cir. 2005). "Suits are 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." La Duke v. Burlington N. R.R. Co., 879 F.2d 1556, 1559 (7th Cir. 1989). "If the cases are found to be parallel, the next task is 'to balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure.'" TruServ Corp., 419 F.3d at 591-92 (quoting Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir. 1999)).[1]

---

[1] The Colorado River doctrine has been interpreted to comprise a six-factor test:

> (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4)

In this case Colorado River is inapplicable because the state suit and the federal suit are not parallel. Although there are some overlapping issues regarding the charitable purpose of the organization and the board's ability to change it, the gravamen of this case is trademark infringement and related claims, whereas the primary focus of the state action is the allegedly unlawful distribution and conversion of corporate funds from a bank account. Similarly, only several of the parties overlap the two actions: NHYF, Richard Pelletier, Robert Schiavoni, Ellen Schiavoni, and Deborah A. Smith are all defendants in this case, but only two, NHYF and Pelletier, are involved in the state case. Pop Warner, Barbara Doughty, and Jason Patch are plaintiffs in the federal case, but only Barbara Doughty is a party to the state case. Moreover, TD Banknorth, N.A. is a party to the state suit, but is not involved in the

---

the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the in terests of the parties.

Currie v. Group Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. 1 (1983)). "No one factor is meant to be determinative, but rather, courts must make a 'carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise.'" Rivera-Feliciano, 438 F.3d at 62 (citations omitted).

federal action. In view of the substantial differences between the state suit and the instant action, it cannot be said that "substantially the same parties are contemporaneously litigating substantially the same issues." The suits are thus not parallel and, accordingly, application of the Colorado River abstention doctrine is unnecessary.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss the complaint on abstention grounds (document no. 22) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 25, 2006

cc: Thomas J. Donovan, Esq.
    Adam M. Hamel, Esq.
    Michael D. Ramsdell, Esq.