UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Pop Warner Little Scholars, Inc.;
Barbara Doughty, individually and
on behalf of New Hampshire Pop
Warner Football Conference; and
Jason Patch, individually and on
behalf of New Hampshire Pop Warner
Football Conference,
    Plaintiffs

    v.                            Civil No. 06-cv-98-SM
                                        Opinion No. 2007 DNH 051

New Hampshire Youth Football &
Spirit Conference; Richard
Pelletier; Robert Schiavoni;
Ellen Shiavoni; and Deborah A. Smith,
    Defendants

**O R D E R**

    Defendants New Hampshire Youth Football & Spirit Conference
("NHYF"), Richard Pelletier, Robert Schiavoni, Ellen Schiavoni,
and Deborah A. Smith bring counterclaims against Barbara Doughty
and Jason Patch, and third-party claims against New Hampshire Pop
Warner ("NHPW"), alleging civil conspiracy (Count I), fraud
(Count II), unfair and deceptive practices in violation of N.H.
Rev. Stat. Ann. ("RSA") 358-A (Count III), and common law trade
name infringement under RSA 349:10 (Count IV).  In addition,
defendants are also asserting third-party claims against T.D.
BankNorth, N.A. ("BankNorth"), for common law conversion (Count

V), conversion in violation of RSA 382-A:3-420 (Count VI),

wrongful dishonor in violation of RSA 382-A:4-402 (Count VII),

negligence (Count VIII), and breach of contract (Count IX[1]).

Along with their answer, counterclaims, and third-party claims

(document no. 35), defendants filed a motion to add NHPW and

BankNorth as third-party defendants (document no. 36).  For the

reasons set forth below, the court declines to exercise

supplemental jurisdiction over all but one of defendants' claims.

Defendants' motion to add third-party defendants is granted with

respect to NHPW, but denied with respect to BankNorth.


**Discussion**

In its March 1, 2007 order (document no. 38), the court

declined to exercise supplemental jurisdiction over a number of

state law claims in this case because they were not sufficiently

related to the federal claims.  Put differently, the state claims

did not arise from the same "common nucleus of operative fact" as

the federal claims.  See Fafel v. DiPaola, 399 F.3d 403, 412 n.

10 (1st Cir. 2005) (explaining that 28 U.S.C. § 1367(a) codifies

---

[1] An apparent typographical error in defendants'
counterclaims and third-party claims has resulted in two counts
being numbered "V."  The court will refer to defendants' third-
party claim for breach of contract against BankNorth as "Count
IX."

2

the "common nucleus of operative fact" test adopted in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966) (citation and quotation marks omitted)).  As a result of that order, plaintiff's federal case consists of four federal Lanham Act claims and one state trademark claim.

In declining jurisdiction, the court explained that the issues in this case are easily divided into two categories.  The first involves trademark infringement and consumer confusion issues regarding the identity of NHYF and its association with Pop Warner.  The second category involves the scope of authority possessed by the NHYF board and whether its decision to dissociate from Pop Warner, and actions taken with respect to that decision, were lawful.  That categorization scheme applies equally to the counterclaims and third-party claims as well.  The bulk of the defendants' counterclaims and third-party claims relate to rights and responsibilities of the parties related to the NHYF organization,[2] while only one claim involves trademark

---

[2] Civil conspiracy (Count I), fraud (Count II), unfair and deceptive practices in violation of N.H. Rev. Stat. Ann. ("RSA") 358-A (Count III), common law conversion (Count V), conversion in violation of RSA 382-A:3-420 (Count VI), wrongful dishonor in violation of RSA 382-A:4-402 (Count VII), negligence (Count VIII), and breach of contract (Count V).

infringement.[3]  As with plaintiffs' claims, the facts pertinent to resolution of trademark issues are quite distinct from those pertinent to the charitable trust issues that arise under state law.

In determining whether to exercise supplemental jurisdiction over counterclaims and third-party claims, a court must consider whether the claims are compulsory or permissive.  See Iglesias v. Mut. Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998).  Third-party claims are always permissive, and are permitted as a matter of right within 10 days of serving the original answer, after which, the decision to allow such claims rests with the court.  See FED. R. CIV. P. 14(a); see also Lehman v. Revolution Portfolio, LLC, 166 F.3d 389, 393 (1st Cir. 1999).

Counterclaims, on the other hand, may be either compulsory or permissive.  See FED. R. CIV. P. 13.  "A compulsory counterclaim is one that 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,'" while those claims that are not compulsory are deemed permissive.  Id. (citing FED. R. CIV. P. 13).  "Only compulsory

---

[3] Common law trade name infringement under RSA 349:10 (Count IV).

counterclaims can rely upon supplemental jurisdiction; permissive

counterclaims require their own jurisdictional basis."   Id.


The Court of Appeals for the First Circuit has adopted four

tests to determine whether a counterclaim is compulsory:

> 1) Are the issues of fact and law raised by the claim
> and counterclaim largely the same?
>
> 2) Would res judicata bar a subsequent suit on defendant's
> claim absent the compulsory counterclaim rule?
>
> 3) Will substantially the same evidence support or refute
> plaintiff's claim as well as defendant's counterclaim?
>
> 4) Is there any logical relation between the claim and the
> counterclaim?

Id. at 241 (citing McCaffrey v. Rex Motor Transp., Inc., 672 F.2d

246, 249 (1st Cir. 1982)).  Under the logical relation test, a

counterclaim is compulsory if

> it arises out of the same aggregate of operative facts
> as the original claim in two senses: (1) that the same
> aggregate of operative facts serves as the basis of
> both claims; or (2) that the aggregate core of facts
> upon which the original claim rests activates
> additional legal rights in a party defendant that would
> otherwise remain dormant.

Id. at 241 (citing McCaffrey, 672 F.2d at 249).


In this case, the charitable trust, financial

misappropriation, and banking issues raised in defendants'

5

counterclaims and third-party claims share no common legal or factual bases with the trademark issues raised in plaintiffs' claims.  Additionally, the facts giving rise to the trademark claims are wholly distinct from the rights asserted in the counterclaims, and the defendants will not be precluded from bringing those claims separately, even after the trademark claims have been adjudicated.  Accordingly, only defendants' state trade name infringement claim (Count IV) can be fairly characterized as compulsory.  The other claims are permissive, and, for the reasons set forth in the court's order dated March 1, 2007 (document no. 38), the court declines to exercise supplemental jurisdiction over those state claims.

## Conclusion

For the foregoing reasons, the court declines to exercise supplemental jurisdiction over all but Count IV of defendants' counterclaims and third-party claims.  Accordingly, Counts I-III and Counts V-IX are dismissed, but without prejudice.  Because the court has declined to exercise supplemental jurisdiction over all of the claims against BankNorth, the defendants' motion to add defendants (document no. 36) is denied as to BankNorth, but granted as to NHPW.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 17, 2007

cc:  Thomas J. Donovan, Esq.
     Adam M. Hamel, Esq.
     Michael D. Ramsdell, Esq.